Staples, J.,
delivered the opinion of the court.
The act of March 1st, 1842, was the first statute of this state making real estate assets for the payment of simple contract debts. That act, however, was subject *796 to a proviso, which declared that no debt which is not evidenced by writing, signed by the debtor or some legally empowered by him, shall be charged on ^he real estate by virtue of this act. This proviso was omitted at the revisal of 1849, so that' as the law now stands, the real estate is subject to the payment of all the just debts of the decedent, without qualification.
In this ease, the judgment of the appellee, Russell, against the administrator was upon a claim not evidenced by writing. That claim was therefore not a charge upon the real estate under the act of 1842, nor does it constitute such charge under the Code of 1850, because the debtor died before the revisal took effect. This was not seriously controverted in the argument. The appellee claims that inasmuch as judgments which did constitute liens on the real estate of the debtor, were paid by the administrator of the latter out-of the personalty, he is entitled, upon the principle of marshalling assets, to be subrogated to the lien of the judgments thus paid.
It is a well settled doctrine of equity, that if a specialty creditor, whose debt binds the heirs, receives satisfaction out of the personal assets of the decedent, a simple contract creditor will in equity stand in his place against the real assets, to the extent that the specialty creditor shall have exhausted the personal assets in the payment of the debts. The reason is that when-there is both real and personal assets, creditors by ■specialty, in which the heirs are bound, are by the common law entitled to payment out of either of these funds. At,law they may take their remedy against the heir, or against the executor. Having their election of remedies, if they exhaust the only fund to which the simple contract creditors can apply, equity places the latter in the position of the former, so far *797 as the specialty creditors have exhausted the personal estate. 2 Lomax on Executors, pp. 418, 419.
The question is whether this principle applies to creditor having a judgment recovered in the life time of the debtor: under the law, as it stood previous to the Code of 1849, a judgment was a debt of superior dignity in the administration of the personal estate. It also constituted a lien upon the real estate, but it conferred no right of election, as in the case of a specialty binding the heirs. The creditor was bound to exhaust the personal estate before he could resort to the land in the possession of the heir. The judgment being a debt of higher dignity than bonds or simple contract debts, the executor was required to pay the former before the latter. If the personal estate was exhausted in paying the judgment, the simple contract creditor was utterly without remedy. And this was upon the very absurd principle that the right of subrogation only occurs where -one of the creditors has two funds, upon either of which he may rely at his discretion.
This is the view taken by Judge Lomax in his work on Executors, volume 2, page 419, where it is said “In the application of the principle of marshaling assets, simple contract creditors will be substituted for specialty creditors, but not for judgment creditors; that is, the simple contract creditors cannot charge the lands for so much of the personal fund as has been applied to the payment of the debts due by judgments obtained against the ancestor.” In support of this doctrine he quotes the opinion of Chief Justice Marshall in Alston v. Munford, 1 Brock. R. 266, who declared “ there is not a case in the books, nor a dictum on the bench, in which it is said that simple contract creditors may stand in the place of judgment creditors, who have- *798 exhausted the personal fund, although the principle of marshaling assets has been discussed perhaps as frequently as any other on which a court of equity acts.” Thig decision of Judge Marshall is approved by this court in Rogers v. Denham’s heirs, 2 Gratt. 200. That was a scire facias against the heir to revive a judgment recovered against' the ancestor. This court was uanimously of the opinion that as the object of the scire facias is to give the creditor the benefit of his judgment obtained against the ancestor, and as upon a writ of elegit against the ancestor the chattels must first be delivered, and if they are sufficient, the lands are not extended, the judgment after the decease .of the ancestor must affect his lands in the same way. The personal estate should be first charged, and the judgment creditor should not proceed against the heir or terretenants until he has exhausted the same. Upon these authorities the question must be regarded as settled in Virginia.
In the present ease the appellee claims to be substituted in the place of William H. Baker and Robert B. Wolfe, creditors of the decedent, whose debts were paid out of the personal assets in the hands of the administrator. Whether the judgments in favor of these creditors were recovered in the lifetime of the decedent, or against his administrator since his death, does not appear. In an ex parte settlement of the administration accounts, made in the year 1854, the commissioner mentions these debts as binding on the realty. And this is all we have on the subject in this record.
It is impossible to say whether this opinion of the commissioner, for it is a mere opinion, is “well founded or not.” He may have supposed that a judgment, prior to the Code of 1849, constituted a lien on the debtor’s *799 -real estate; and so it did, subiect, however, to the quali- „ . . . fieations already mentioned.
The judgment might be a lien, and yet, as we seen, furnish no ground for marshaling the assets. If the judgment was against the obligor himself, upon a specialty binding the heirs after the death of the former,- there would be no remedy against the heir upon the specialty. The bond no longer exists as a security, being superseded, merged and extinguished in the judgment. -The creditor has no longer a remedy either at law or in equity on his bond, but only on his judgment, The obligor is no longer bound by the bond but by the judgment. It has become the evidence of his indebtedness and the measure of his liability. The United States v. Price, 9 How. U. S. R. 93, 94; Smith’s Lead. Cases, vol. 1, part 1, 619; 2 Am. Lead. Cases 663.
On the other hand, if the judgment was against the administrator, it would not merge the bond as against the heir. If originally bound by the specialty, he, the heir, would still be bound. And the creditor is at liberty to prosecute a suit against him and the personal representative at the same time, though he is of course entitled to but one satisfaction. It will thus be seen that the lien of a judgment is a question of law, and was sometimes a very difficult one under our former system of laws. If the judgments alluded to by the commissioner in his report were recovered in the lifetime of the decedent, as there is strong reason to believe, they will not avail the appellee. If they were recovered against his administrator upon a bond binding the heirs, the liabilities of the latter still remain; and there is a right of substitution.
Hpon these points the appellee ought to have produced proof. The burden is of course upon him, to *800 show that the heirs were bound. The simple expres- . „ . . , ,, ... , Sion ot an opinion by the commissioner m an ex parte is not evidence against the heirs. The exception of the appellants was therefore well taken, and ought to have been sustained. The case will have to go back to the circuit court upon this point, and a decree accordingly.
In regard to the taxes against the decedent, it is sufficient to say that while the commonwealth has a lien for them on the lands of her debtor, that lien can never be enforced so long as there is personal property. The latter must be exhausted before the land is delinquent or liable. The personal representative is required to discharge the taxes before the payment of any other debt. As already seen, the doctrine • of marshaling assets has no application to such a case.
Another ground taken by the appellant is, that the judgment recovered by the appellee against the administrator is not competent proof of the justice of the claim as against them; and further, the claim is barred by the statute of limitations. In answer to the first ground it is sufficient to say, that evidence was adduced before the commissioner establishing the justice of the appellees’ demand. In regard to the plea of the statute of limitations: as judgment was recovered against the administrator, it must be presumed the claim was not barred at the time of the institution of the suit against him. The appellee was entitled to satisfaction of that judgment out of the personal assets. These being exhausted by specialty debts binding the heirs, and the appellee being compelled to resort to the land, his remedies against the latter must be co-extensive with those against the personalty. If, at the time of the institution of his suit against the personal representative, the appellee was not barred of *801 his action by limitation, neither is he barred by subsequent lapse of time, in proceeding against the heir to have the assets marshaled in his favor. If, the appellee makes good his claim to subrogation this case, the appellants will be precluded from relying upon the bar of the statute. Adams’ Equity* marginal page 275, and note.
Another ground of error assigned is, that by the decree of the circuit court the appellant Pugh is directed to pay the sum of $1,004.24, without sufficient evidence of the justice of the debt. The objection is made for the first time in this court. This demand was investigated by a commissioner, to whom the accounts were referred; and was allowed by him. Ho exception was taken to the allowance; and it does not appear that the matter was in any way called to the attention of the circuit court. It was the duty of the appellant to except to the report. Upon that exception all the evidence in support of the claim, or against it, would have been returned to the court, and it would have been seen upon what ground .the commissioner proceeded. Upon well settled principles, the exception which may be affected by extraneous evidence cannot, for the first time, be taken in this court.
The only remaining ground of error necessary to be noticed is that portion of the decree which directs a sale of the land, without reference to the several interests of the appellants. • One of the appellants is the owner of one-fourth of the land and the other of three-fourths; and it is insisted that each should have been allowed to redeem his or her share by paying in the same proportion.
When the decree is against several parties having and distinct interests, and there is in the case *802 the materials for a just apportionment, such apportionment ought to be made; with a reservation to the of a right to resort to all who are responsible him. In the present case the decree ought to have provided for the payment of one-fourth of the appellee’s judgment by the sale of the appellant, Susan O. Pugh’s, interest, and of tjiree-fourths by the sale of the appellant, John R. Pugh’s, three-fourths; with a reservation of the right to resort to the whole of the tract, in the event of a deficiency. As the cause is to go back to the circuit court for further proceedings, the decree can he reformed in this particular, and in accordance with the views herein expressed.
The decree was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decrees aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing, and filed with the record, that it does not sufficiently appear whether the judgments in favor of William H. Baker and Robert B. Wolfe were recovered in the lifetime of Louis Wolfe, the debtor, or against his administrator since his death. If the former, said judgments conferred upon said Baker and Wolfe no right of proceeding against the lands of said' Louis Wolfe until the personal assets in the hands of his administrator were exhausted; and as the said Baker and Robert B. Wolfe had in such case no right of election between the real and personal estate, the appellee, Russell, is not entitled, upon any principle of subrogation, to subject the real estate of the said Louis Wolfe to the payment of his debt. If, on the other hand, the *803 judgments aforesaid were recovered against the administrator of said Louis Wolfe upon specialties binding the heirs of the latter, the appellee, so far as the sonal estate was exhausted in the payment of said judgments, is entitled to satisfaction out of the realty of which Louis Wolfe died possessed. Upon these points the record furnishes no satisfactory information to justify a decree against the appellees. The same principles substantially apply to the taxes due the commonwealth, which 'constituted a lien upon the land of the said Wolfe, only to be enforced after the exhaustion of the personal estate. The appellee was therefore not entitled to subrogation in place of the commonwealth.
The court is further of opinion that the circuit court erred in subjecting the tract of land in the possession of the appellants to the debt of the appellee without apportioning the burden between the parties. The appellant, Susan O. Pugh, being the owner of only one-fourth of the tract, and by reason thereof being subject to only one-fourth of the debt in the first instance, the decree ought to have directed the sale of the said one-fourth accordingly, and of the three-fourths held by John R. Pugh, for his three-fourths of said debt, with liberty, however, to proceed against the interest of either for any deficiency in the proceeds of sale.
Therefore it is decreed and ordered that so much of the said decrees of the said circuit court as is herein declared erroneous be'reversed and annulled, and that they be affirmed in all other respects; and that the appellees pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And it is further decreed and ordered that this cause be remanded to the said circuit court for further *804 proceedings to be had therein in conformity with the foregoing decree.
Which is ordered to be certified to the said circuit-court of Frederick county.
Decree reversed.